UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 11-1073 DSF (AJWx) | Date | 9/8/11 |
|---|---|---|---|
| Title | Endurance American Specialty Insurance Company v. AFA Financial Group, LLC, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiff's Motion for Summary Judgment Against Defendant Michael T. Nommensen (Docket No. 195)

Plaintiff filed this action to determine the rights of potential claimants to an insurance policy issued by Plaintiff, and has moved for summary judgment against Defendant-claimant Michael T. Nommensen.[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for September 12, 2011 is removed from the Court's calendar. For the reasons noted below, the motion is GRANTED.

## I. UNDISPUTED FACTS

Nommensen worked for Defendant Northstar Financial. (See Pl.'s Resp. to Def.'s Statement of Genuine Disputes ("RSGD") ¶ 6; Hosp. Decl. Ex. B at 51.)[2] Northstar is a

---

[1] Nommensen's Opposition also purports to be a "cross-motion" for summary judgment. Though not properly filed as such, the Court has considered the Opposition as if it were also a cross-motion. Even if it had been properly filed, it would be denied.

[2] The Court relies only on undisputed facts, facts as to which the Court finds the "dispute" to be invalid, disputed facts resolved in Nommensen's favor for the purpose of this motion only, and facts as to which the Court denies any evidentiary objections. As noted by Plaintiff, Nommensen's evidentiary objections are baseless. However, in referring to the RSGD, the

**MEMORANDUM**

brokerage that operates under the supervision of Defendant AFA Financial Group, LLC. (RSGD ¶ 13.)

On January 27, 2009, Nommensen reported to the Financial Industry Regulatory Authority ("FINRA") that Defendant Rodney S. Palmer, the sole proprietor of Northstar, was allowing Linda Perry to work unregistered in violation of FINRA's rules. (Id. at ¶¶ 8, 13, 15-16; Hosp. Decl. Ex. B at 109-111; Ex. C at 232-235.) Nommensen also reported that Palmer never registered him despite Palmer's promise to do so. (Hosp. Decl. Ex. B at 109-111.) FINRA opened an investigation into the matter after it received the report. (RSGD ¶ 16.)

On February 12, 2009, FINRA sent a letter to Defendant Morrie Reiff, AFA's president, regarding the conduct alleged by Nommensen, and requested that AFA and Palmer provide written statements and produce documents related to the allegations. (Id. at ¶¶ 17-18.) On February 25, 2009, Defendant Ellen Friedman, AFA's Chief Compliance Officer, responded to the FINRA letter. (Id. at ¶ 20; Hosp. Decl. Ex. C at 237-39.) In the letter, Friedman claimed that Nommensen had performed duties in violation of FINRA's rules and regulations, and that Palmer had been reprimanded and fined for his actions as the person in charge of Northstar. (Id.) On February 27, 2009, Palmer fired Nommensen. (RSGD ¶ 23.) The investigation into the complaint from Nommensen was still open as of July 31, 2009.[3] (Id. at ¶ 22; Hosp. Decl. Ex. C at 166–69.)

On March 1, 2009, Nommensen filed a claim for unemployment insurance with the California Employment Development Department ("CEDD"), and claimed he was wrongfully terminated. (RSGD ¶ 24.) On March 4, 2009, the CEDD sent Palmer a Notice of Claim, which noted Nommensen alleged he was wrongfully terminated. (Id. at ¶¶ 25-26; Hosp. Decl. Ex. F.) On March 11, 2009, Palmer replied to the notice, and stated Nommensen was fired because he "had taken an order from a customer for a security even though he was not registered with neither AFA Financial Group nor the regulators." (RSGD ¶ 27.) The CEDD denied Nommensen's claim on April 6, 2009, and he submitted an appeal application on July 22, 2009. (Id. at ¶¶ 29-30; Hosp. Decl. Ex. B at 135.) The appeals board reversed the initial denial. (RSGD ¶ 31; Hosp. Decl. Ex. B. at 59.)

On April 29, 2009, AFA submitted an application for an insurance policy with Plaintiff. (RSGD ¶ 32.) Question 9 on the application asked

[h]ave any claims, suits or proceedings (including without limitation: any

---

Court sometimes relies on the content of Nommensen's response to a purported undisputed fact.

[3] Plaintiff asserts the investigation concluded in October 2009, but did not cite to any evidence that would corroborate the assertion. (Reply at 8.)

**MEMORANDUM**

>  shareholder action or derivative suit; or any civil, criminal, or regulatory action, or any complaint, investigation or proceeding related thereto) been made during the past five years against: (a) the Applicant; (b) its predecessors in business; (c) any subsidiary or affiliate of the Applicant; (d) any other entity proposed for coverage; or any past or present principal, partner, managing member, director, officer, employee, leased employee or independent contractor of the Applicant, its predecessors in business, any subsidiary or affiliate of the Applicant or any other entity proposed for coverage?

(Id. at ¶ 33.) Question 10 asked

> [i]s the Applicant (after diligent inquiry of each principal, partner, managing member, director or officer) aware of any fact, circumstance, incident, situation, or accident (including without limitation: any shareholder action or derivative suit; or any civil, criminal, or regulatory action, or any complaint, investigation or proceeding related thereto) that may result in a claim being made against: (a) the Applicant; (b) its predecessors in business; (c) any subsidiary or affiliate of the Applicant; (d) any other entity proposed for coverage; or (e) any past or present principal, partner, managing member, director, officer, employee, leased employee or independent contractor of the Applicant, its predecessors in business, any subsidiary or affiliate of the Applicant or any other entity proposed for coverage?

(Id. at ¶ 34.) The application also included an exclusionary clause that stated

> [i]t is agreed that any claim or lawsuit against the Applicant, or any principal, partner, managing member, director, officer or employee of the Applicant, or any other proposed insured, arising from any fact, circumstance, act, error or omission disclosed or required to be disclosed in response to Questions 9 [or] 10 . . . is hereby expressly excluded from coverage under the proposed insurance policy.

(Id. at ¶ 35.) On May 27, 2009, Plaintiff issued AFA the insurance policy with a policy period of May 1, 2009 to May 1, 2010. (Id. at ¶¶ 1-2.)

On February 2, 2010, Nommensen initiated an arbitration proceeding against Northstar, Palmer, Friedman, and AFA. (Id. at ¶ 3.) In the arbitration complaint, Nommensen alleged he agreed to work for Northstar and transfer his book of business to Palmer with the understanding that Palmer would register Nommensen's license and return his book of business once he became a registered representative. (Id. at ¶¶ 6, 42.) Palmer never registered Nommensen, but Nommensen alleged he continued to perform tasks for Northstar that violated FINRA's rules and regulations at Palmer's behest. (Id. at ¶¶ 7, 50.) Nommensen also alleged that Friedman was aware that Nommensen was violating FINRA's rules and regulations before she sent the February 25, 2009 letter to

# MEMORANDUM

FINRA.  (Id. at ¶ 53.)  After the parties settled the arbitration, Nommensen made a claim on the insurance policy issued by Plaintiff.  (Id. at ¶¶ 9-10; Hosp. Decl. Ex. D.)

## II.  LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Because the moving party here has the burden of proof at trial, it must establish "beyond controversy every essential element" of its claim.  So. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003) (internal quotation marks omitted).  The moving party need not disprove the opposing party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial.  Id. at 323-24; Fed. R. Civ. P. 56(c)(1).  "This burden is not a light one."  In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  An issue of fact is a genuine issue if it reasonably can be resolved in favor of either party.  Id. at 250-51.  "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment.  Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir. 1989).  "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury . . . could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict . . . ."  Anderson, 477 U.S. at 252.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id. at 248.

"[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues."  Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1161 (9th Cir. 1992).  Rather, "the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion."  Matsushita, 475 U.S. at 587-88 (internal quotation marks and ellipsis omitted).

"[S]ummary judgment is appropriate when the contract terms are clear and unambiguous, even if the parties disagree as to their meaning."  United Bhd. of Carpenters and Joiners of America, Lathers Local 42-L v. United Bhd. of Carpenters and Joiners of America, 73 F.3d 958, 961 (9th Cir. 1996) (internal quotation marks omitted).

**MEMORANDUM**

"[T]he determination of whether contract language is ambiguous is a question of law." Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 1999).

In order to obtain a continuance of a summary judment determination, the non-moving party must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Employers Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129 (9th Cir. 2004) (internal quotation marks omitted). In other words, "[a] party requesting a continuance . . . must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

## III. DISCUSSION

Plaintiff argues it is entitled to summary judgement because, *inter alia*, the exclusionary clause applies to Nommensen's claim.[4] "Under California law, interpretation of an insurance policy is a legal matter for the court."[5] USF Ins. Co. v. Clarendon Am. Ins. Co., 452 F. Supp. 2d 972, 985-86 (C.D. Cal. 2006) (footnote omitted) (providing a thorough analysis of California law governing the interpretation of insurance policies).

> Because insurance policies are contracts, ordinary rules of contractual interpretation apply. . . . The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. . . . To ascertain the parties' intent, the court must look first to the language of the policy itself. . . . If, given their common and popular meaning, the contract terms are clear and explicit, they control. . . . A policy provision is ambiguous when it is capable of two or more constructions, both of which are reasonable. . . . Courts will not adopt a strained or absurd interpretation of policy language, however, in order to create an ambiguity where none exists.

Id. at 986 (internal quotation marks and brackets omitted).

Nommensen's claim is within the scope of the exclusionary clause's clear and explicit terms because (1) the CEDD claim and FINRA investigation should have been disclosed in response to question 9; and (2) the facts underlying Nommensen's arbitration

---

[4] Because the Court finds the exclusionary clause applies to Nommensen's claim, it need not address the other arguments raised by the parties.

[5] Although the insurance policy does not note the substantive law that governs the contract, both parties appear to assume California law applies.

# MEMORANDUM

should have been disclosed in response to question 10.  Nevertheless, Nommensen raises several alleged grounds for denial of the motion.  For the reasons noted below, all of Nommensen's contentions lack merit.

Nommensen's argument that the "stipulated judgment" should determine whether there is coverage rather than the allegations made in his arbitration is wrong as a matter of law.  See Kazi v. State Farm Fire & Cas. Co., 24 Cal. 4th 871, 879 (2001).

Nommensen argues that there are triable issues regarding whether AFA disclosed the arbitration or the facts underlying the arbitration claim.  Even if true, this is immaterial under the clear and explicit terms of the exclusionary clause.

The assertion that the CEDD proceedings did not have to be disclosed in question 9 because it was a civil proceeding against an affiliate of AFA is also incorrect.

Nommensen's contention that Plaintiff should not be able to contest coverage because it had a "duty to defend" AFA in the underlying arbitration is wrong as well. "To determine whether an insurer has a duty to defend, the court first compares the allegations of the complaint with the terms of the policy, and ascertains whether the facts alleged, together with facts not alleged but known to the insurer at the inception of the lawsuit or tender of defense, reveal a possibility that the claim is covered."  USF, 452 F. Supp. 2d at 992.  It is clear the complaint falls within the scope of the policy's exclusionary clause on the facts alleged, so Plaintiff did not have a duty to defend in Nommensen's arbitration.  In any event, the duty to defend can be broader than the duty to indemnify.  Id. at 992-93.

Nommensen's argument that the settlement between himself and AFA created a valid contract between Nommensen and Plaintiff is frivolous because there is no evidence in the record that even remotely suggests AFA could enter into a contract on behalf of Plaintiff.

Finally, the Court rejects Nommensen's request for a continuance because he has not specifically identified any information that could reasonably be discovered that would be material to deciding this motion.

## IV.  CONCLUSION

The motion is GRANTED.

IT IS SO ORDERED.